■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINTON SERRANO, Appellant. [644 NYS2d 162] —Judgment, Su-

preme Court, New York County (Allen Alpert, J.), rendered February 6, 1992, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The main prosecution witness's Grand Jury testimony, which implicated defendant as the person who shot the victim, was properly admitted on the People's direct case where, after a mid-trial evidentiary hearing (*see, United States v Mastrangelo,* 693 F2d 269, 272-273, *cert denied* 467 US 1204), the People proved by clear and convincing evidence that defendant's misconduct, or at least that in which he acquiesced, caused that witness to recant his identification of defendant at the trial (*see, People v Geraci,* 85 NY2d 359). Notwithstanding the witness's assertions that he did not consider the communications as threats, the circumstantial proof established intimidation by defendant himself and by persons acting at defendant's behest. The hearing court properly concluded that the witness's incredible disclaimers of intimidation actually reinforced the People's position.

Having failed to raise any objections at trial, defendant's challenges to the court's instructions on reasonable doubt and its response to a note from a juror are unpreserved, and we decline to review them in the interest of justice.

We perceive no abuse of discretion in sentencing. Concur—Milonas, J. P., Rosenberger, Kupferman, Williams and Mazzarelli, JJ.